# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL C. HENDERSON,

                Plaintiff,

v.

WILLIAM POLLARD, STEVE SCHEULER, JOHN KIND, CO VERTZ, CAPT VAN LANEN, AL DEGROOT, CINDY O'DONNELL, and EMILY DAVIDSON

                Defendants.

Case No. 22-CV-558-JPS

**ORDER**

    Plaintiff Michael C. Henderson, an inmate confined at the Wisconsin Secure Program, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF No. 1. On May 11, 2022, Plaintiff filed a motion to use release funds to pay the filing fee. ECF No. 2. Plaintiff paid the filing fee in full on June 7, 2022, and that motion is therefore moot. On December 12, 2022, Plaintiff filed an amended complaint. The remainder of this Order screens Plaintiff's amended complaint.

1.     **SCREENING THE COMPLAINT**

    1.1     **Federal Screening Standard**

    Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations

Plaintiff's allegations relate to incidents that occurred at Green Bay Correctional Institution ("GBCI") in the Restrictive Housing Unit ("RHU"). ECF No. 9 at 2. Plaintiff names Defendants William Pollard ("Pollard"),

Steve Schueler ("Schueler"), John Kind, ("Kind"), C.O. Vertz ("Vertz"), Jay VanLanen ("VanLanen"), Al DeGroot ("DeGroot"), Cindy O'Donnell ("O'Donnell"), and Emily Davidson ("Davidson). *Id.* at 1.

On January 11, 2019, at approximately 3:30 p.m., Plaintiff received documents in the mail informing him that the property department had received and was in possession of a DVD-R labeled "052814 Watertown Robbery etc." *Id.* Plaintiff had prior knowledge of the disc(s) before his incarceration. *Id.* Plaintiff wrote to Vertz about the DVD-R by using a DOC-76 interview/information request form. *Id.* Plaintiff wrote, "CO II Vertz, you can't just receive discs (DFLM) and take it upon yourself to review them outside of my presence, if that disc pertains to me. You literally broke the very policy #300.0067(1)(D)…These screenshots only prove to me that content is on the disc I have a right to actually view it too." *Id.*

On January 12, 20219 at approximately 4:51 p.m., Plaintiff sent a second DOC-761 form to Vertz and requested that he send Plaintiff the materials labeled "Watertown Robbery etc." so that he could prepare a legal case against those responsible. *Id.* at 3. Vertz responded and Plaintiff received multiple photocopies of various other discs that Vertz intended to destroy. *Id.*

On January 13, 2019, at approximately 8:00 p.m., Plaintiff wrote a DOC-761 to VanLanen about the destruction of his property. *Id.* At some point later, VanLanen arrived at Plaintiff's cell to discuss the issue. *Id.* Plaintiff told VanLanen that the disk was part of an ongoing investigation, and that Plaintiff was the victim of crimes depicted in the video. *Id.* VanLanen said he would go talk to Vertz and to see the disc. *Id.*

On January 14, 2019, at approximately 5:18 p.m., Plaintiff sent a DOC-761 form to Schueler about Vertz denying him access to the court. *Id.*

at 4. Plaintiff alleges the disc contained evidence of an assault with a deadly weapon and armed robbery that was committed against him on May 28, 2014. *Id.* Plaintiff needed the disc to provide it to the authorities for prosecution. *Id.* On January 16, 2019, at approximately 7:02 a.m., Plaintiff wrote to Kind to prevent Vertz from destroying his disc. *Id.* On January 17, 2019, at approximately 11:28 a.m., Plaintiff sent a second DOC-761 form to Schueler about his disc and access to courts. *Id.* At approximately 6:41 p.m. that day, Plaintiff sent a DOC-761 form to Pollard to notify him of the situation. *Id.*

A lengthy investigation occurred as to the whereabouts of Plaintiff's disc. *Id.* at 5. Plaintiff was transferred to the Wisconsin Secure Program Facility in March 2019. *Id.* On April 22, 2019, Plaintiff brought up the issue with the litigation coordinator and ICE Examiner, Ms. Ella Ray. *Id.* On May 3, 2019, Plaintiff brought up the issue again with Ms. Ray in regard to whether he had received all documents/discs from GBCI following his transfer. *Id.* Ms. Ray responded that she had provided all documentation in her files. *Id.*

### 1.3 Analysis

First, Plaintiff may not proceed on an access to courts claim. Plaintiff alleges that Defendants' withholding of the DVD-R prevented him access to the court. The Constitution guarantees prisoners a right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350–51 (1996). But because that right is to access the *courts* rather than legal materials or law libraries, an inmate will not have a valid claim unless the prison authorities' conduct prejudiced a potentially meritorious challenge to his conviction, sentence, or conditions of confinement. *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009);

*Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009); *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

The point of recognizing an access to the courts claim "is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Christopher v. Harbury*, 536 U.S. 403, 414–15 (2002). The constitutional right of access to court "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415; *see also Lewis*, 518 U.S. at 353 (plaintiff must identify a "nonfrivolous," "arguable" underlying claim). Accordingly, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Harbury*, 536 U.S. at 415.

Here, Plaintiff's complaint does not meet the basic requirements for an access to courts claim. Plaintiff indicates that he needed the disc as a victim to a crime to provide to authorities for a criminal prosecution; he does not elaborate with any detail as to how his alleged inability to access courts caused him any specific injury. If a prosecuting agency needed access to evidence for a criminal case, it would have alternate means to obtain such evidence. Plaintiff was not attempting to access courts to challenge his conviction, sentence, or conditions of confinement; the right to bring a criminal case lies with a prosecuting agency as opposed to an individual victim. Accordingly, Plaintiff has not pled an essential element of an access to the courts claim.

Second, Plaintiff may not proceed on a due process claim for the deprivation of his property. The Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. To claim these protections,

Page 5 of 9
Case 2:22-cv-00558-JPS    Filed 01/31/23    Page 5 of 9    Document 14

plaintiffs must first allege a protected liberty or property interest at stake. *Averhart v. Tutsie*, 618 F.2d 479, 480 (7th Cir. 1980). Here, it is unclear if Plaintiff had a property interest in the disc he sought. Plaintiff has not provided any explanation as to why he did not receive the disc. For example, was receiving the disc against a policy in general or was there something specific on that disc that prohibited Plaintiff from receiving it?

Even if, however, Plaintiff had a property interest in the disc, Plaintiff still had remedies under state law to address his concerns, even after he filed inmate complaints. *See West v. Berge*, No. 05-C-37-C, 2005 WL 503819, at *4 (W.D. Wis. Feb. 28, 2005) (dismissing claim for unauthorized deduction from prisoner's account because prisoner had adequate remedies under Wisconsin statutes). By statute, Wisconsin affords procedures that can address random, unauthorized deprivations of property by government officers and officials. *See* Wis. Stat. § 893.35 (action to recover personal property after wrongful taking, conversion, or wrongful detention); § 893.51 (action for damages resulting from wrongful taking, conversion, or wrongful detention of personal property); § 893.52 (action for damages from injury to property); *see also Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir. 1996) (inmate-complaint review system, certiorari review under Wisconsin law, and Wisconsin tort remedies are adequate remedies for deprivation of good-time credits by prison officials); *Wolf–Lillie v. Sonquist*, 699 F.2d 864, 871 (7th Cir. 1983) (Wisconsin tort remedies are adequate for deprivation of property resulting from sheriff's execution of outdated writ of restitution). Plaintiff has not suggested that Wisconsin's post-deprivation, statutory remedies are inadequate to redress his loss. As such, he has failed to state a viable due process claim.

## 2. CONCLUSION

Although the Court is skeptical that Plaintiff can save this lawsuit from dismissal, it will nonetheless allow Plaintiff an opportunity to amend his complaint and cure the deficiencies identified in this Order. When writing his amended complaint, Plaintiff should provide the Court with enough facts to answers to the following questions: (1) Who violated his/her constitutional rights?; (2) What did each person do to violate his/her rights?; (3) Where did each person violate his/her rights?; and 4) When did each person violate his/her rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its complaint form and instructions. Plaintiff must list all of the defendants in the caption of his/her amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper. The amended complaint takes the place of the prior complaint and must be complete, without reference to his prior complaint.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in

the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to use release account funds for payment of the filing fee, ECF No. 2, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **February 21, 2023.** If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g); and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 31st day of January, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.