# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MICHAEL C. HENDERSON,<br><br>       Plaintiff,<br>v.<br><br>WILLIAM POLLARD, STEVE SCHEULER, JOHN KIND, C.O. VERTZ, CAPT. VAN LANEN, AL DEGROOT, CINDY O'DONNELL, and EMILY DAVIDSON,<br><br>       Defendants. | Case No. 22-CV-558-JPS<br><br>**ORDER** |

  Plaintiff Michael C. Henderson, an inmate confined at the Wisconsin Secure Program Facility, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF No. 1. On January 31, 2023, the Court screened Plaintiff's amended complaint, found that it failed to state a claim, and allowed Plaintiff the opportunity to file an amended complaint. ECF Nos. 9, 14. Plaintiff filed a second amended complaint on February 20, 2023. ECF No. 17. This Order screens Plaintiff's second amended complaint and addresses his pending motions seeking to preserve evidence and for sanctions.

1.  **SCREENING THE COMPLAINT**

  1.1 **Federal Screening Standard**

  Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations

Plaintiff's allegations relate to incidents that occurred at Green Bay Correctional Institution ("GBCI") in the Restrictive Housing Unit ("RHU").

ECF No. 17 at 2. Plaintiff names Defendants William Pollard ("Pollard"), Steve Schueler ("Schueler"), John Kind, ("Kind"), C.O. Vertz ("Vertz"), Jay VanLanen ("VanLanen"), Al DeGroot ("DeGroot"), Cindy O'Donnell ("O'Donnell"), and Emily Davidson ("Davidson). *Id.* at 1.

On January 11, 2019, at approximately 3:30 p.m., Plaintiff received documents related to his post-conviction legal materials. *Id.* at 5. Among other things, the documents included a screenshot of disc no. 53 containing May 28, 2014 Watertown Parking Lot Homicide-Robbery videos. *Id.* Vertz screened this disc and commented, "Video contains the following: Homicide not committed by this inmate identified." *Id.* at 6. Plaintiff also received a property receipt, dated January 11, 2019, stating, "DFLM (27 DVD/CD's) rejected because they are not compatible, would not open on available computers…" and that per policy, the CDs would be destroyed. *Id.*

Plaintiff reviewed the documents and was confused as to why the property department supervisor had both non-working digitally formatted legal materials ("DFLM") and working legal DFLM. *Id.* Plaintiff was also concerned that his legal disc no. 53 was accessed by the property supervisor. *Id.* Plaintiff wrote to Vertz about the disc by using a DOC-76 interview/information request form. *Id.* at 7. Plaintiff wrote, "COII Vertz, you can't just receive discs (DFLM) and take it upon yourself to review them outside of my presence, if that disc pertains to me. You literally broke the very policy #300.0067(1)(D)…These screenshots only prove to me that content is on the disc I have a right to actually view it too." *Id.*

On January 12, 20219 at approximately 4:51 p.m., Plaintiff sent a second DOC-761 form to Vertz and requested that he send Plaintiff the materials labeled "Watertown Robbery etc." so that he could prepare a legal

case against those responsible. *Id.* at 3. Vertz responded and Plaintiff received another photocopy of legal disc No. 53. *Id.*

On January 13, 2019, at approximately 8:00 p.m., Plaintiff wrote a DOC-761 to Van Lanen about the destruction of his property. *Id.* At some point later, Van Lanen arrived at Plaintiff's cell to discuss the issue. *Id.* at 8. Plaintiff told Van Lanen that the disk was part of an ongoing investigation, and that Plaintiff was the victim of crimes depicted in the video. *Id.* Van Lanen said he would go talk to Vertz and see the disc. *Id.*

On January 14, 2019, Plaintiff sent a DOC-761 form to Schueler about Vertz denying him access to the court. *Id.* at 4. Plaintiff alleges the disc contained evidence of an assault with a deadly weapon and armed robbery that was committed against him on May 28, 2014. *Id.* Plaintiff needed the disc to provide it to the authorities for prosecution. *Id.* at 9. On January 16, 2019, at approximately 7:02 a.m., Plaintiff wrote to Kind to prevent Vertz from destroying his disc. *Id.* On January 17, 2019, at approximately 11:28 a.m., Plaintiff sent a second DOC-761 form to Schueler about his disc and access to courts. *Id.* At approximately 6:41 p.m. that day, Plaintiff sent a DOC-761 form to Pollard to notify him of the situation. *Id.* at 10. At Plaintiff's criminal trial, there was "chatter" on whether Plaintiff had been robbed and this video was proof to show his version of events. *Id.* Plaintiff avers that he needed this video in part to show that his trial counsel had been ineffective for not locating it prior to trial.

On January 27, 2019, Plaintiff submitted an inmate complaint in an attempt to prevent the property department from destroying his post-conviction materials. *Id.* at 11. Plaintiff put the investigator on notice that the legal materials he sought contained exculpatory evidence regarding his criminal conviction. *Id.* DeGroot dismissed Plaintiff's complaint on

February 27, 2019, and relied on false statements. *Id.* at 11. Plaintiff appealed the dismissal and Davidson dismissed his appeal without conducting an investigation. *Id.* at 12. On March 22, 2019, O'Donnell received and acknowledged Plaintiff's appeal. *Id.* O'Donnell dismissed Plaintiff's appeal on April 29, 2019, without conducting an investigation. *Id.*

Plaintiff was transferred to another prison in March 2019. *Id.* Plaintiff discovered only after his transfer that his legal disc no. 53 had been destroyed on January 11, 2019. *Id.* Plaintiff maintains that the destroyed video contained essential legal material to assist with challenging his criminal sentence.

### 1.3 Analysis

First, Plaintiff may proceed on an access to courts claim against Defendant Vertz. Plaintiff alleges that Vertz's destruction of his legal material prevented him access to the court. The Constitution guarantees prisoners a right of access to the courts. *Lewis v. Casey,* 518 U.S. 343, 350–51 (1996). But because that right is to access the *courts* rather than legal materials or law libraries, an inmate will not have a valid claim unless the prison authorities' conduct prejudiced a potentially meritorious challenge to his conviction, sentence, or conditions of confinement. *Ortiz v. Downey,* 561 F.3d 664, 671 (7th Cir. 2009); *Bridges v. Gilbert,* 557 F.3d 541, 553 (7th Cir. 2009); *Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir. 2006).

The point of recognizing an access to the courts claim "is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Christopher v. Harbury,* 536 U.S. 403, 414–15 (2002). The constitutional right of access to court "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415; *see also Lewis,* 518 U.S. at 353 (plaintiff must identify

Page 5 of 11
Case 2:22-cv-00558-JPS    Filed 08/08/23    Page 5 of 11    Document 18

a "nonfrivolous," "arguable" underlying claim). Accordingly, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Harbury,* 536 U.S. at 415.

Here, Plaintiff indicates that Vertz destroyed his essential legal materials. Plaintiff maintains that the disc contained necessary material to prepare a post-conviction motion for his underlying criminal conviction. He claims that his trial counsel was ineffective for not finding this video prior to his conviction and that the video contained exculpatory evidence. Plaintiff was attempting to access the courts to challenge his criminal conviction, and Vertz destroyed legal material necessary to that challenge. At the pleading stage, the Court makes no determination as to whether the destruction of this evidence actually prejudiced a meritorious challenge to the conviction; the Court takes Plaintiff's allegation that the evidence was exculpatory as true for the proposes of screening. Accordingly, the Court will allow Plaintiff to proceed against Vertz on an access to courts claim.

Plaintiff may not proceed, however, against Defendants Pollard, Scheuler, Kind, Van Lanen, DeGroot, O'Donnell, and Davidson. As to Pollard, Scheuler, Kind, and Van Lanen, Plaintiff fails to state a claim against these defendants because they did not cause him any injury, a necessary component of an access to courts claim. *See Lewis,* 518 U.S. at 353. Plaintiff states that the exculpatory video was actually destroyed on January 11, 2019, *before* any of these defendants were informed about Plaintiff's legal property. As such, the Court will dismiss these defendants for the failure to state a claim against them.

As to DeGroot, O'Donnell, and Davidson, Plaintiff fails to state a claim against these defendants for their actions in relation to his inmate

grievances. For a prison official to be personally liable, he must have participated in some way with the alleged constitutional violation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.") (internal quotation marks and citation omitted); *see also Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Generally, the denial of a grievance "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "If there is 'no personal involvement by the warden [in an inmate's medical care] outside the grievance process,' that is insufficient to state a claim against the warden." *Neely v. Randle*, No. 12 C 2231, 2013 WL 3321451, at *3 (N.D. Ill. June 13, 2013) (quoting *Gevas v. Mitchell,* 492 Fed. Appx. 654, 660 (7th Cir. 2012)). As such, the Court will accordingly dismiss DeGroot, O'Donnell, and Davidson for the failure to state a claim against them.

Moreover, Plaintiff may not proceed on a due process claim for the deprivation of his property. The Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. To claim these protections, plaintiffs must first allege a protected liberty or property interest at stake. *Averhart v. Tutsie*, 618 F.2d 479, 480 (7th Cir. 1980). Here, it is unclear if Plaintiff had a property interest in the disc he sought. Plaintiff has not provided any explanation as to why he did not receive the disc. For example, was receiving the disc against a policy in general or was there something specific on that disc that prohibited Plaintiff from receiving it?

Page 7 of 11
Case 2:22-cv-00558-JPS    Filed 08/08/23    Page 7 of 11    Document 18

Even if, however, Plaintiff had a property interest in the disc, Plaintiff still had remedies under state law to address his concerns, even after he filed inmate complaints. *See West v. Berge*, No. 05-C-37-C, 2005 WL 503819, at *4 (W.D. Wis. Feb. 28, 2005) (dismissing claim for unauthorized deduction from prisoner's account because prisoner had adequate remedies under Wisconsin statutes). By statute, Wisconsin affords procedures that can address random, unauthorized deprivations of property by government officers and officials. *See* Wis. Stat. § 893.35 (action to recover personal property after wrongful taking, conversion, or wrongful detention); § 893.51 (action for damages resulting from wrongful taking, conversion, or wrongful detention of personal property); § 893.52 (action for damages from injury to property); *see also Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir. 1996) (inmate-complaint review system, certiorari review under Wisconsin law, and Wisconsin tort remedies are adequate remedies for deprivation of good-time credits by prison officials); *Wolf–Lillie v. Sonquist*, 699 F.2d 864, 871 (7th Cir. 1983) (Wisconsin tort remedies are adequate for deprivation of property resulting from sheriff's execution of outdated writ of restitution). Plaintiff has not suggested that Wisconsin's post-deprivation, statutory remedies are inadequate to redress his loss. As such, he has failed to state a viable due process claim.

## 2. MOTION TO PRESERVE EVIDENCE AND FOR SANCTIONS

Finally, the Court will deny Plaintiff's motion to preserve evidence and motion for sanctions, ECF No. 10. Defendants' obligation to preserve evidence likely was triggered by Plaintiff filing his inmate complaint regarding this incident, and in any event, would certainly be triggered when receiving this Order. *See Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008) (noting that a party's duty to preserve evidence

Page 8 of 11
Case 2:22-cv-00558-JPS   Filed 08/08/23   Page 8 of 11   Document 18

is triggered when it knows or should have known that litigation is imminent). As such, the Court will deny Plaintiff's motion to preserve evidence as moot. As to the appropriateness of sanctions, it is far too early in the case to determine if spoliation sanctions would be appropriate. In the event that Plaintiff is unable to receive certain evidence in the normal course of discovery, he may return to the Court for assistance in the form of a motion to compel discovery.

### 3. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Access to court claim against Vertz.

Defendant should take note that, within forty-five (45) days of service of this Order, he is to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to prevent further destruction of evidence and motion to sanctions, ECF No. 10, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendants Pollard, Scheuler, Kind, Van Lanen, DeGroot, O'Donnell, and Davidson be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the second amended complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendant **Vertz**;

**IT IS FURTHER ORDERED** that under the informal service agreement, Defendant shall file a responsive pleading to the second amended complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendant raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendant contemplates a motion to dismiss, the parties must meet and confer before the motion is filed. Defendant should take care to explain the reasons why he intends to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendant files a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

Dated at Milwaukee, Wisconsin, this 8th day of August, 2023.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.