# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL C. HENDERSON,

    Plaintiff,

v.                                                         Case No. 22-CV-558

CHRISTOPHER VERTZ,

    Defendant.

## ORDER

Plaintiff Michael C. Henderson, who is incarcerated and representing himself, filed a complaint under 42 U.S.C. § 1983 claiming that the defendant Christopher Vertz violated Henderson's constitutional right to access to the courts when he destroyed his legal materials. (ECF No. 18). On December 5, 2023, Vertz filed a motion for judgment on the pleadings asserting that *Heck v. Humphrey*, 512 U.S. 486 (1994) bars Henderson's claim. (ECF No. 30.) On February 12, 2024, Henderson filed a motion to deny Vertz's motion for judgment on the pleadings. (ECF No. 34.) The court will grant Vertz's motion, deny Henderson's motion, and dismiss the case.

### LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is filed before answering, and a motion for judgment on the pleadings under 12(c) is filed "[a]fter the pleadings are closed but within such a time as to not delay the trial." *N. Ind. Gun & Outdoor Shows Inc. v. City of South Bend*, 163 F.3d 449, 452 n. 3 (7th Cir.

1998) (quoting Fed. R. Civ. P. 12(c))). The standards for both a motion to dismiss and a judgment on the pleadings under Rule 12(c) are the same. *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). Dismissal for either standard is appropriate when there is an affirmative defense that appears on the face of the complaint. *Jones v. Bock*, 549 U.S. 199, 215 (2005).

## ANALYSIS

Henderson alleges that in January 2019 he attempted to retrieve a disc that was part of his post-conviction materials, which Vertz was holding in the property department. (ECF No. 17 at 10-11.) Henderson asserts that the disc would have shown at his state criminal trial his version of the events and that it contained "exculpatory evidence" which would have overturned his conviction if he could have used it. (*Id.*; ECF No. 35 at 10-11.) He was notified by Vertz that the disc was destroyed because it would not open on available computers. (*Id.* at 6.)

According to the Wisconsin Circuit Court Access Website (wcca.wicourts.gov)[1], Henderson was convicted of homicide in his state court case. He filed several post-conviction motions and worked his way through the state appellate system until the Wisconsin Supreme Court denied his petition for review in May 2020.

On May 11, 2022, Henderson filed this action under § 1983 claiming that Vertz violated his constitutional right to the access of the courts. He amended his complaint twice and was allowed to proceed on the access-to-courts claim. (ECF No. 18.)

---

[1] The court may take "judicial notice of public record" for the purpose of deciding a motion for judgment on the pleadings. *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017).

2

"The Constitution protects a prisoner's right of access to the courts: state actors must respect that right by not impeding prisoners' efforts to pursue legal claims. That right is violated when a prisoner is deprived of such access and suffers actual injury as a result." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009). As such, to succeed in this § 1983 claim, Henderson will have to demonstrate that he suffered an "actual injury", which means he must show that the destruction of evidence would have allowed him to successfully challenge his conviction and thus his conviction is invalid. *See Hoard v. Reddy*, 175 F.3d 531, 533-34 (7th Cir. 1999) ("where the prisoner is complaining about being hindered in his efforts to get his conviction set aside, the hinderance is of no consequence if the conviction was valid.")

Under *Heck*, a prisoner may not bring a § 1983 suit for damages that would necessarily imply the invalidity of his conviction "unless and until the inmate obtains favorable termination of a state, or federal habeas challenge to his conviction or sentence." *Burd v. Sessler,* 702 F.3d 429 (7th Cir. 2012) (*overturned on other grounds by Savory v. Cannon*, 947 F.3d 406 (7th Cir. 2020)) In *Burd*, a plaintiff's access-to-courts claim was barred by *Heck* because it would imply the invalidity of his conviction. Here, Henderson's claim is also barred by *Heck*, because to succeed on his access-to-courts claim, he would have to prove that the denial of access to courts would be a meritorious challenge to his underlying conviction and therefore his conviction is invalid.

Henderson asserts in his response materials that he really wanted the disc to bring an ineffective assistance of counsel claim. That may be, but the allegations in

3

his second amended complaint assert that he also wanted to use the disc as exculpatory evidence in his underlying state criminal case, and the fact that he was unable to do so led to his conviction. As such, his claim is barred by *Heck*.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Vertz's motion for judgment on the pleadings (ECF No. 30) is **GRANTED**.

**IT IS FURTHER ORDERED** that Henderson's motion to deny Vertz's motion for judgment on the pleadings (ECF No. 34) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot

4

Case 2:22-cv-00558-SCD    Filed 04/19/24    Page 4 of 5    Document 40

extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 19th day of April, 2024.

STEPHEN DRIES
United States Magistrate Judge